Christopher H. Bayley (#010764)
Emily Gildar Wagner (#028811)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone:  (602) 382-6734
Facsimile:   (602) 382-6070
cbayley@swlaw.com
ewagner@swlaw.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| TONN INVESTMENTS, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ECO CLEAN SOLAR, INC., a Delaware corporation, f/k/a SunWize Technologies, Inc.,<br><br>Defendant. | Case No.<br><br>**VERIFIED COMPLAINT FOR:**<br><br>**(I) APPOINTMENT OF A RECEIVER;**<br><br>**AND**<br><br>**(II) BREACH OF CONTRACT**<br><br>**(EMERGENCY RELIEF SOUGHT)** |

Tonn Investments, LLC, an Arizona limited liability company ("Plaintiff" or "Lender"), for its complaint against Eco Clean Solar, Inc., a Delaware corporation, f/k/a SunWize Technologies, Inc. ("Defendant" or "Borrower"), hereby alleges, states, and avers as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is an Arizona limited liability company authorized to do and doing business in Arizona.

2. Upon information and belief, Defendant is a Delaware corporation doing business in Arizona.

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and Plaintiff and Defendant are citizens of different States.

4. This Court has personal jurisdiction over Defendant because Defendant does business in Arizona, and at least some of the actions giving rise to this lawsuit occurred in Arizona.

5. Venue is proper under 28 U.S.C. § 1391(b) and (c) because at least some of the events giving rise to the claims alleged herein occurred in this District and Defendant is subject to personal jurisdiction in this District.

## THE LOAN TRANSACTION

6. On or about September 17, 2014, Lender entered into a "Modified Loan Agreement" (the "Loan Agreement") with Borrower, which at the time, was known as SunWize Technologies, Inc., in the principal amount of $1,125,000.00 (the "Loan"). A true and correct copy of the Loan Agreement is attached hereto as Exhibit A, and incorporated herein by this reference.

7. The Loan is evidenced by that certain "Modified – Secured Promissory Note (Revolving Line of Credit)" (the "Note") dated September 17, 2014, in the principal amount of $1,125,000.00 that was executed and delivered by Borrower, which at the time, was known as SunWize Technologies, Inc., to Lender. A true and correct copy of the Note is attached hereto as Exhibit B, and incorporated herein by this reference.

8. The Loan is secured by that certain "Modified Security Agreement" (the "Security Agreement") dated September 17, 2014, and executed by Borrower, which at the time, was known as SunWize Technologies, Inc., in favor of Lender, as amended by that certain "Amendment to Modified Security Agreement" (the "Amended Security Agreement") dated September 25, 2015, and executed by Borrower in favor of Lender. True and correct copies of the Security Agreement and Amended Security Agreement are attached hereto as Exhibits C and D, respectively, and incorporated herein by this reference.

9. The Amended Security Agreement, among other things, granted a security interest in all of Borrower's assets, including, but not limited to, all of the property of Borrower (the "Collateral").

10. The security interest in the Collateral was perfected by, among other things, filing UCC Financing Statements with the Delaware Department of State, including, but not limited to: (i) the UCC Financing Statement Amendment changing the name of the debtor from SunWize Technologies, Inc. to Eco Clean Solar, Inc. on October 6, 2015, Instrument No. 20154534334, and (ii) the UCC Financing Statement Amendment restating the collateral to include "[a]ll assets of the debtor now owned or hereafter acquired and all proceeds thereof" on October 6, 2015, Instrument No. 20154535075 (collectively, the "UCCs"). True and correct copies of the UCCs are attached hereto as Exhibit E, and incorporated herein by this reference.

11. The Amended Security Agreement expressly provides that upon default, Lender shall have "the right to apply for the appointment of a receiver, trustee, or liquidator or conservator of the Collateral, without notice and without regard to the adequacy of the security for the Obligations and without regard to the solvency of [Borrower], any guarantor or any other Person liable for any of the Obligations."

12. Defendant does not oppose the appointment of a receiver over itself and the Collateral, and stipulates to the entry of an order appointing a receiver.

13. Collectively, the Loan Agreement, Note, Security Agreement, Amended Security Agreement, and UCCs are referred to herein as the "Loan Documents."

14. The Loan Documents explicitly provide for recovery of Plaintiff's attorneys' fees and costs incurred in enforcing the Loan Documents and/or exercising its rights or remedies thereunder.

## THE DEFAULTS

15. The Loan matured and was due and owing in full on January 31, 2015.

16. By letter dated September 15, 2015, Plaintiff notified Defendant that the Loan had matured, and demanded payment in full. A true and correct copy of the demand letter is attached as <u>Exhibit F</u>, and incorporated herein by this reference.

17. To date, Defendant has not repaid the Loan in full.

18. As of September 15, 2015, Defendant owed Plaintiff $1,125,000.00 in principal, plus $69,516.67 in past due interest, and $59,725.83 in late charges.

## **COUNT I**

### **(Appointment of a Receiver)**

19. Plaintiff realleges and reincorporates by reference all preceding allegations contained in this complaint.

20. Defendant is in the business of constructing solar systems for private and public customers, including, but not limited to, the U.S. Veterans Administration (the "<u>USVA</u>"), the U.S. Department of Defense (the "<u>USDD</u>"), and the American Samoa Power Authority (the "<u>ASPA</u>").

21. Presently, Defendant is under contract to, among other things, construct solar systems for the USVA in: (i) Honolulu, Hawaii, (ii) Little Rock, Arkansas, (iii) Kerrville, Texas, (iv) San Antonio, Texas, and (v) Phoenix, Arizona. Defendant is also under contract to, among other things, construct solar systems for the USDD at the Vandenberg Air Force Base and for the ASPA in American Samoa.

22. Defendant is currently unable to continue operations because, among other things, it is out of operating capital and is in danger of completely closing operation due to an inability to fund payroll for its employees by close of business on Thursday, October 13, 2015.

23. The imminent loss of all of its employees and the complete lack of operating capital makes it very likely that Defendant is near closing operations, with the resulting threat of failure to perform on numerous existing contracts, including, but not limited to, the contracts with the USVA, USDD, and ASPA.

24. Defendant is in default under the Loan Documents for, among other things, failing to repay the Loan on or before the maturity date.

25. Defendant contractually consented to the appointment of a receiver in the event of default in the Loan Documents.

26. Leaving Defendant's business operations and the Collateral in Defendant's control places Plaintiff's secured interests in the Collateral in jeopardy.

27. A receiver will provide proper security for the Collateral.

28. Defendant is not opposed to the appointment of a receiver over the company itself, enabling the receiver to take steps to pay the existing employees and make arrangements to complete existing contracts, and stipulates to entry of an order appointing a receiver.

29. Rule 66, Fed. R. Civ. P., authorizes Plaintiff to apply to this Court to seek the appointment of a receiver over Defendant and the Collateral.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. For the immediate entry of a Stipulated Order Appointing a Receiver substantially in the form submitted contemporaneously herewith that includes the power of the receiver to operate Defendant's business affairs and to sell the Collateral in the best business judgment of the receiver;

B. For an award of its attorneys' fees and costs pursuant to the Loan Documents and A.R.S. §§ 12-341 and 341.01; and

C. For such other and further relief as this Court may deem just and equitable.

## **COUNT II**

### **(Breach of Contract)**

30. Plaintiff realleges and reincorporates by reference all preceding allegations contained in this complaint.

31. There was a contract between Plaintiff and Defendant as evidenced by, among other things, the Loan Documents.

- 5 -

32. Pursuant to the Loan Documents, Defendant promised to repay the full amount of the Loan by January 31, 2015.

33. Defendant breached the Loan Documents by, among other things, failing to repay the full amount of the Loan by January 31, 2015 or any time thereafter.

34. As this cause of action arises out of contract, Plaintiff is entitled to recover its costs and attorneys' fees from Defendant pursuant to A.R.S. §§ 12-341 and 12-341.01 and the Loan Documents.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

    A. For all amounts due under the Note pursuant to its terms;

    B. For costs and attorneys' fees pursuant to the Loan Documents and/or A.R.S. §§ 12-341 and 12-341.01;

    C. For pre-judgment interest and fees from the date when payment was due under the Note calculated in accordance with the Loan Documents;

    D. For post-judgment interest and fees on the foregoing from the date of judgment until paid in full;

    E. For execution against Defendant's non-exempt assets; and

    F. For such other and further relief as the Court may deem just and appropriate.

RESPECTFULLY SUBMITTED this 12th day of October, 2015.

    SNELL & WILMER L.L.P.

    By: s/ Christopher H. Bayley
        Christopher H. Bayley
        Emily Gildar Wagner
        One Arizona Center
        400 E. Van Buren
        Phoenix, AZ 85004-2202
        Attorneys for Plaintiff

# VERIFICATION

STATE OF ARIZONA )
) ss.
COUNTY OF MARICOPA )

I, Scott Tonn, being first duly sworn upon my oath, state as follows:

That I am an authorized to execute this Verified Complaint on behalf of Tonn Investments, LLC. I have read the foregoing Verified Complaint and know the contents thereof, and state that I know that the allegations are true, except the matters stated therein on information and belief, and that as to those matters, I believe the complaint to be true.

Tonn Investments, LLC

By: _____
Name: Scott L. Tonn
Title: MANAGER

This instrument was acknowledged before me on this ___ day of October, 2015, by Scott Tonn as the authorized agent of Tonn Investments, LLC.

_____
Notary Public

My Commission Seal:

April 4, 2019

22685905

MICHELLE PARKER
Notary Public - Arizona
Maricopa County
My Comm. Expires Apr 4, 2019